JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ZASLOW, VALORI I. <br> REEVENT, LLC | COLEMAN, WILLIAM T., III, COLEMAN, ALLEGRA S. <br> BROWNE, DOLORES R., BROWNE, JONATHAN O'NEILL <br> EVENTS MALL CORP., DESIGNREASONS CORP. |

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BOGAN LAW GROUP, LLC
ONE LIBERTY PLACE
1650 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215-385-5254

Attorneys *(If Known)*

## I. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice <br><br> **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br><br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☒ 820 Copyrights <br> ☐ 830 Patent <br> ☒ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education <br><br> **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 101 et seq. and 15 U.S.C. 1051 et seq.

Brief description of cause:
Violation of copyright rights pursuant to 17 U.S.C. 106; violation of trademark rights pursuant to 15 U.S.C. 1125

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000, TRO

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE  Hon. R. Barclay Surrick       DOCKET NUMBER  14-cv-4711

DATE
03/12/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOGAN LAW GROUP, LLC.
Mary Elizabeth Bogan, Esquire
PA Identification No. 57072
One Liberty Place
1650 Market Street, Suite 300
Philadelphia, PA 19103

Attorneys for Plaintiffs

VALORI L. ZASLOW
1740 Oakwood Terrace, Apt. 13C
Penn Valley, PA 19072
    and
REEVENT, LLC
306 Levering Mill Road
Bala Cynwyd, PA 19004

    Plaintiffs,

    v.

WILLIAM T. COLEMAN, III
ALLEGRA SAENS COLEMAN
DESIGNREASONS CORP.
EVENTS MALL CORP.
600 Conshocken State Road
Penn Valley, PA 10972,
DOLORES RITA BROWNE
343 East Wynnewood Road
Merion Station, PA 19066,
    and
JONATHAN O'NEILL BROWNE
306 36th Street Northeast
Bradenton, FL 34208

    Defendants.

Civil Action No.

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

Plaintiffs, Valori L. Zaslow (hereinafter "Ms. Zaslow") and ReEvent, LLC (hereinafter "REL") (together, "Plaintiffs"), by and through their attorneys, Bogan Law Group, LLC, bring this action against Defendants, William T. Coleman, III, Allegra Saens Coleman, DesignReasons

Corp., Events Mall Corp., Dolores Rita Browne and Jonathan O'Neill Browne (collectively, "Defendants"), upon information and belief, and aver as follows:[1]

## PARTIES

1.  Plaintiff, Valori L. Zaslow, is an adult individual and a citizen of the Commonwealth of Pennsylvania, who resides at 1740 Oakwood Terrace, Apt. 13C, Penn Valley, PA 19072.  Plaintiff, Valori Zaslow, is also the sole owner of ReEvent, LLC ("REL") and 60% owner in ReEvent Enterprises (hereinafter "REE").

2.  ReEvent, LLC, is a Pennsylvania limited liability corporation, with a registered office address of 306 Levering Mill Road, Bala Cynwyd, PA 19004.  REL was established in September 2011 by Ms. Zaslow as a sustainable event planning company.

3.  Defendant, Dolores Rita Browne, is an adult individual and a citizen of the Commonwealth of Pennsylvania who, upon information and belief, resides at 343 East Wynnewood Road, Merion Station, Pennsylvania 19066, and is a 20% owner in REE.

4.  Defendant, Allegra Saens Coleman, is an adult individual and a citizen of the Commonwealth of Pennsylvania who, upon information and belief, resides at 600 Conshohocken State Road, Penn Valley, PA 19072, and is a 20% owner in REE.

5.  Defendant, William T. Coleman, III, is an adult individual and a citizen of the Commonwealth of Pennsylvania who, upon information and belief, resides at 600 Conshohocken State Road, Penn Valley, PA 19072.

---

[1] Plaintiff, Valori L. Zaslow, reserves the right to raise any and all arguments and claims against Plaintiffs, Defendant, Shopify, Inc. and any other entities, in the related pending action, 2:14-CV-4711, notwithstanding and/or in addition to those claims raised herein against all Defendants to this action (Plaintiffs in the related action), counsel for Defendants herein, and Shopify, Inc.

6.      Defendant, Jonathan O'Neill Browne, is an adult individual and a citizen of the State of Florida who, upon information and belief, resides at 306 36th Street Northeast, Bradenton, Florida 34208.

7.      Defendant, DesignReasons Corp., is, upon information and belief, a Pennsylvania corporation with a registered office address of 600 Conshohocken State Road, Penn Valley, PA 19072.

8.      Defendant, Events Mall Corp., is, upon information and belief, a Pennsylvania corporation with a principal place of business located at 600 Conshocken State Road, Penn Valley, PA 19072.

9.      Defendants, William T. Coleman, III and Allegra Saens Coleman, are husband and wife.

10.      Defendant, Jonathan O'Neill Browne is the son of Defendant, Dolores Browne, and sibling to Defendant, Allegra Saens Coleman.

## JURISDICTION

11.      This action asserts claims arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights and trademarks), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

## VENUE

12.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a) because Defendants conduct substantial business within the Eastern District of Pennsylvania; Defendants infringed Plaintiffs' copyrights and trademarks within this District;

and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiffs'
claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

13.     Ms. Zaslow is the sole owner of the business ReEvent, LLC, ("REL") which she
established in September 2012 as a party planning, props and decoration rental business.

14.     Almost one year after the formation of REL, Ms. Zaslow asked Plaintiffs, Dolores
Browne and Allegra Coleman ("Ms. Browne" and "Ms. Coleman," respectively) to develop a
website to complement REL.

15.     Thereafter, Ms. Zaslow, Ms. Browne and Ms. Coleman, agreed to form ReEvent
Enterprises ("REE"), and entered into an Operating Agreement ("OA") on August 12, 2013.  See
OA and OA executed signature page, attached as Exhibits "A-1" and "A-2," respectively.

16.     The website for REE was to be promoted as "ReEvent" utilizing Ms. Zaslow's
existing company name and slogan: "ReSell  RePurpose  ReInvent" and to continue marketing
Ms. Zaslow's products, concepts and ideas.

17.     All parties agreed that Ms. Zaslow's existing business, REL, would remain a
completely separate entity and existed independently from REE.

18.     Pursuant to the OA, Ms. Zaslow is majority shareholder with 60% ownership of
REE, and Ms. Browne and Ms. Coleman each own 20% of the shares.  See Ex. A-1 at Para. 5,
"Ownership Interests."

19.     Further pursuant to the OA, Ms. Zaslow retains sole property rights to all real and
personal property owned or purchased by Ms. Zaslow or REL.  See Ex. A-1 at Para. 11, "Title to
Company Property."

20.     Critical content on the REE website is the sole property of Ms. Zaslow and REL.

21.     By way of example, Ms. Zaslow provided to REE a confidential list of vendors she had acquired through her existing business REL and another solely owned business.  See Confidential Vendor List, attached as Exhibit "B."

22.     Pursuant to the OA, Plaintiff Jonathan O'Neil Browne ("Mr. Browne"), agreed to develop a company website in return for compensation in the form of a MAC Pro computer.  See Ex. "A-1" at Para. 10.

23.     Subsequently, Mr. Browne opened an account with Defendant, Shopify Inc. (hereinafter "Shopify,") a Canadian corporation, to serve as the web host for the REE website. Mr. Browne is not a party to the operating agreement, nor does the OA indicate Mr. Browne has any ownership interest in REE.  See Ex. "A-1."

24.     Subsequently, Ms. Browne and Ms. Coleman tried to coerce Ms. Zaslow into signing an Amended OA, whereby each of the three parties would be one-third shareholders in REE, thus depriving Ms. Zaslow of her majority interest with no additional consideration.  See proposed Amended OA, attached as Exhibit "C."

25.     On May 29, 2014, Ms. Coleman sent an e-mail to Ms. Zaslow in which she threatened that Ms. Coleman and Ms. Browne would launch a competing website on their own if Ms. Zaslow did not agree to sign the proposed Amended OA.  See e-mail of May 29, 2014, attached as Exhibit "D."

26.     Following Plaintiffs' threats to launch a competing business and proposed Amended OA, Ms. Zaslow, seeking to protect her existing interest in REE, contacted Shopify indicating her ownership in the REE's account with Shopify, pursuant to Shopify's Terms of Service.

27.    Pursuant to Shopify's subsequent request, Ms. Zaslow sent Shopify proof of ownership of the account.

28.    Shopify determined Ms. Zaslow was the proper owner of the account and notified Ms. Browne she was being removed as account owner in favor of Ms. Zaslow.

29.    In response, Ms. Browne forwarded supposed ownership documentation, claiming ownership of the account.

30.    Due to the direct actions of Ms. Browne and Defendants herein, thereafter, counsel for Shopify notified the parties Shopify was denying access to the account to all parties because there were conflicting claims of ownership.

31.    Mr. Browne then contacted Shopify claiming it was denying him access to computer code that he owned.

32.    On or about June 21, 2014, Ms. Zaslow, Ms. Browne and Ms. Coleman met to try to resolve their dispute. However, said meeting was fruitless.

33.    Subsequently, on or about August 11, 2014, Ms. Coleman, Ms. Browne, Mr. Browne, through their counsel, filed a sixteen-count Complaint against Ms. Zaslow and Shopify, in Browne et al. v. Shopify et al., docketed at Civil Action No. 14-4711. Said Complaint was completely without merit and Ms. Zaslow filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and a Motion for Sanctions pursuant to F.R.C.P. 11, both of which are incorporated hereto by reference on the docket for Civil Action No. 14-4711.

34.    Ms. Zaslow was recently made aware that Defendants are attempting to launch a directly competing website and business of their own, which has utilized distinctive intellectual and real property owned by Ms. Zaslow.

35.     Defendants are attempting to start a competing business called "Events Mall," which is so similar in appearance and function to ReEvent as to confuse the average consumer , and moreover, which infringes upon Ms. Zaslow's copyright, trademark and property rights in ReEvent, LLC and in ReEvent Enterprises.

36.     REL has a distinctive logo which is clearly displayed on the home page of the website for REL. The logo for Events Mall is so similar to the REL logo as to confuse the average consumer, as well as the existing customers and vendors of Ms Zaslow and REL, into believing Events Mall is the same company as or related to REL. See REL website home page page website displaying distinctive REL logo, side-by-side views of the logos for REL and Events Mall, and store sign for Plaintiffs' ReEvent store located at 854 Montgomery Avenue, Narberth, PA, attached hereto as Exhibits "E-1," "E-2" and "E-3," respectively.

37.     The REL logo utilizes distinctive graphics for which Ms. Zaslow commissioned a graphic designer and which is owned by Ms. Zaslow.

38.     At no time did Defendants ask Ms. Zaslow for permission or a license to copy Ms. Zaslow's distinctive REL logo to create a logo for Defendants new business, Events Mall.

39.     Defendants have an existing business, "DesignReasons," for which the website homepage contains a link to "Events Mall," the logo for which is almost identical to that of the distinctive REL logo so as to confuse the average consumer as well as the existing customers and vendors of Ms. Zaslow and REL. See screenshot of DesignReasons home page, containing link to "Events Mall," attached hereto as Exhibit "F."

40.     As equally violative, the URL for Defendants' new business, which is www.events-mall.com, redirects users to the Shopify website for ReEvent Enterprises, which was disabled by Shopify pursuant to the ownership dispute between the parties, and the URL for

which is reevent.myshopify.com.  See screenshot of Shopify web page for ReEvent, attached hereto as Exhibit "G."

41.     Pursuant to Shopify's Terms of Service agreement ("TOS"), Shopify reserves the right to disable an account in the event of an ownership dispute, as in this matter.  See Shopify's TOS, attached hereto as Exhibit "H," at Section 4, Para. 8.  Nevertheless, Defendants have actively circumvented, and hereby, converted the Shopify ReEvent website for their own unauthorized use as set forth above.

42.     Further, the link for "Events Mall" on the DesignReasons home page takes users to a web page, the content of which is so similar in design, function, appearance and layout as to confuse the average consumer, as well as the existing customers and vendors of Ms. Zaslow and ReEvent, LLC, into believing Events Mall is the same business as or a related business to REL.

43.     Defendants continue their infringement on Ms. Zaslow, as on January 11, 2015, Defendants filed a Pre-Registration Application with the U.S. Copyright Office, in which Defendants blatantly admit they are attempting to pre-register and claim as their own copyright in the ReEvent website hosted through Shopify.  See U.S. Copyright Office pre-registration notice, attached hereto as Exhibit "I."

44.     The first paragraph of the foregoing notice from the U.S. Copyright Office makes it clear that Defendants' purported copyright "pre-registration" is in fact, nothing more than their attempt to steal intellectual property belonging to Ms. Zaslow: "Pre-registration has been completed for the work Code for website titled "Events-Mall.com", *which was initially constructed under the title 'Re-Event Enterprises, LLC' on the website of the internet host for the website, Shopify, Inc., located on the Shopify website at reevent.myshopify.com …*"  See Ex "I" at 1.

45.    In the same pre-registration application, Defendants attempt to further pass off Ms. Zaslow's intellectual property as that of Defendants: "Events-Mall.com's mission is to be the Internet heart of the event industry by providing ease and enjoyment while browsing the events-Mall site and *encouraging eco-chic up cycling for events*." See Ex. "I" at 2.

46.    The foregoing statement is Defendants' attempt to wrongfully pass off as their own the eco-friendly mission of Ms. Zaslow's established event planning business, ReEvent, LLC, whose slogan is "ReSell  RePurpose  ReInvent."

47.    Defendants' pre-registration application to the U.S. Copyright Office clearly demonstrates that Defendants are attempting to wrongfully mislead the U.S. Copyright Office by portraying as their own intellectual property that of Ms. Zaslow, who established and developed ReEvent several years prior to entering into the Operating Agreement with Defendants.

48.    Consequently, Defendants' pre-registration application to the U.S. Copyright Office constitutes false representation and a criminal offense, in violation of 17 U.S.C. § 506, whereby: "Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500." 17 U.S.C. § 506(e).

49.    Pursuant to the foregoing facts, Defendants are infringing on the copyright, trademark and personal property rights of Plaintiffs in this matter, Ms. Zaslow and REL.

50.    Further, during the telephone settlement conference before Magistrate Judge Lynne Sitarski on March 3, 2015, Defendant William Coleman, III, who is Plaintiffs' attorney in the related matter docketed at 14-cv-4711, Defendant Coleman announced he intended to

immediately register a copyright for the Events Mall website with the U.S. Copyrights Office, thus further infringing on Ms. Zaslow's intellectual property rights in REL.

51.     Accordingly, Plaintiffs in this matter are filing the instant Verified Complaint together with an emergency TRO, to prevent Defendants' further infringement on Ms. Zaslow's intellectual property and personal property rights in Ms. Zaslow's existing business, REL and further consequential damage to REL.

## COUNT I – COPYRIGHT INFRINGEMENT

52.     Plaintiffs incorporate herein by reference paragraphs 1 through 51, inclusive, of this Complaint as if fully set forth at length.

53.     To establish a claim for copyright violation the claimant must show (1) ownership of a valid copyright, and (2) that the defendant copied, displayed or distributed elements of the protected work.  Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey, 497 F.Supp.2d 627, 635 (E.D.Pa. 2007); see also  Feist Publ'ns Inc. v. Rural Tel. Serv. Co. Inc., 499 U.S. 340 (1991).

54.     The facts, as set forth above, establish that Ms. Zaslow owned exclusive copyrights to copyrightable images related to REL and REE, and that Defendants, without Ms. Zaslow's authorization, copied and displayed via the internet said copyrightable images as used in promoting their competing business, Events Mall, and further, upon information and belief, distributed said unauthorized materials for Events Mall in other promotional materials, thus establishing the elements of a claim for copyright infringement.

55.     The creativity and "unique expression" of a website are entitled to copyright protection.  See e.g. Conference Archives, Inc. v. Sound Images, Inc., 2010 WL 1626072, at *7 (W.D. Pa. Mar. 31, 2010).

56.     The foregoing acts of Defendants constitute infringements of Plaintiffs' exclusive copyrights in the images displayed on the website and other promotional materials for ReEvent, LLC, the exclusive copyrights for which are the sole property of Ms. Zaslow, who solely established REL and who designed the website, advertizing and all other promotional materials for REL.

57.     The overall "look and feel" and functionality of the advertizing and web page for Defendants' directly competing business, Events Mall, is similarly identical to the website for Ms. Zaslow's existing business, ReEvent, LLC, thus violating Plaintiffs' exclusive rights of reproduction, derivative works and distribution, pursuant to 17 U.S.C. § 106.

58.     Further, Ms. Zaslow provided to Defendants, Ms. Browne and Ms. Coleman, computer code regarding the functionality of the website for REE, which Defendants have, upon information and belief, copied in setting up the confusingly similar web page for Events Mall, as accessed through the link for Events Mall on the DesignReasons website.

59.     The foregoing acts of Defendants constitute infringements of Ms. Zaslow's exclusive copyrights in REL, and have caused Plaintiffs to suffer damages as a result of Defendants' unauthorized replication of the website and advertizing for Plaintiff, ReEvent, LLC.

60.     Further, Defendants' wrongful attempt to pre-register copyright for the ReEvent website hosted by Shopify, by claiming Ms. Zaslow's intellectual property as Defendants' and renaming it "Events-Mall.com," constitutes false representation to the U.S. Copyright Office, which is a criminal offense pursuant to 17 U.S.C. 506(e), as set forth above.  See Ex. "I."

WHEREFORE, Plaintiffs, Valori Zaslow and ReEvent, LLC, respectfully request that the Court award actual damages, including, but not limited to, and all profits derived from the unauthorized use of Plaintiffs' copyrightable elements in ReEvent, LLC or, where applicable and

at Plaintiffs' election, statutory damages; an award of Plaintiffs' reasonable attorney's fees as permitted by 17 U.S.C. § 505; an award of Plaintiffs' court costs, expert witness fees, interest and all other amounts authorized under law; and such other and further relief as the Court deems just and proper.

## COUNT II –FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT (LANHAM ACT 15 U.S.C. § 1125)

61.    Plaintiffs incorporate herein by reference paragraphs 1 through 60, inclusive, of this Complaint as if fully set forth at length.

62.    The Lanham Act, at 15 U.S.C. § 1125, provides for liability for use of any "word, term, name, symbol or device" that "is likely to cause confusion, or to cause mistake, or to deceive" "as to the origin ... of his or her goods, services or commercial activities." Id. at § 1125(a).  Section 117 of the statute provides for the award of attorney's fees for said violation.

63.    Defendants used ReEvent's logo, font, color scheme and tag line on the website for their separate business, DesignReasons, in violation of the Lanham Act.

64.    Since that time, Defendants are now using a similarly confusing logo for their recently launched and directly competing business, Events Mall, which falsely and without authorization, indicates that Defendants and their services are connected with, sponsored by, affiliated with or related to ReEvent, LLC.

65.    The use of the logo for Events Mall, which is confusingly similar to that of ReEvent, LLC, has caused, and is likely to continue to cause, confusion, mistake or deception as to the source or sponsorship of Defendants and their goods and services.

66.    Defendants' foregoing unauthorized use related to the logo for Events Mall, and in connection with its goods and services allows Defendants to receive the benefit of ReEvent, LLC's goodwill, which Ms. Zaslow has established at great labor and expense, and further

allows Defendants to gain acceptance of their goods and services, based not on their own qualities, but on the reputation and goodwill of Ms. Zaslow and ReEvent, LLC.

67.     The acts of Defendants complained of herein constitute unfair competition and common law trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendants acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Ms. Zaslow's common law trademark rights in the logo for ReEvent, LLC and with intent to trade on Plaintiffs' vast goodwill in the logo for ReEvent, LLC.

69.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

WHEREFORE, Plaintiffs Valori Zaslow and ReEvent, LLC, respectfully request that the Court enjoin Defendants from use of the logo for Events Mall, and award actual damages and all profits derived from the foregoing unauthorized use, and attorney's fees.

## COUNT III- TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

70.     Plaintiffs incorporate herein by reference paragraphs 1 through 69, inclusive, of this Complaint as if fully set forth at length.

71.     A plaintiff will succeed in a claim for tortious interference with business relations when the plaintiff can prove: (1) the existence of a contractual relationship, (2) an intent on the part of the Defendant to harm the Plaintiff by interfering with that contractual relationship, (3) the absence of a privilege or justification for such interference, and (4) Damages resulting from the Defendant's conduct. Small v. Juniata College, 682 A.2d 350, 354 (Pa.Super. 1996).

72.     There is no dispute that the parties entered into an agreement as set forth in the executed Operating Agreement for REE.  See Exs. "A-1" and "A-2."

73.     Said Operating Agreement clearly states that all title in property of REL remains solely that of Ms. Zaslow.

74.     The actions of Defendants, as set forth above, display a clear intent to confuse Plaintiffs' existing and potential customers into believing that Defendants' competing business, Events Mall, which infringes in Ms. Zaslow's property rights in REL, is the same business or related to REL.

75.     The existence of Defendants' business, Events Mall, interferes with the parties' contractual relationship as set forth in the Operating Agreement for REE.

76.     Further, Defendants retain in their possession and refuse to return to Ms. Zaslow a flash drive containing proprietary images of products licensed by vendors with whom Ms. Zaslow built relationships through her existing business, REL.  The flash drive also contained images taken at REL private client events by professional photographers who are exclusive vendors for REL, and who granted REL permission to use said images for promotional purposes.

77.     Defendants also have proprietary vendor codes provided to them by Ms. Zaslow which they intend to use, upon information and belief, in their directly competing business, Events Mall, thus further interfering in Ms. Zaslow's established contractual relations with said vendors.

78.     Defendants do not have a privilege or legal justification for interfering with Plaintiffs' rights in REL or REE.

79.     As a result, Ms. Zaslow has suffered and will continue to suffer and jeopardize her existing business and ability to receive future earnings and monetary damages, including but

not limited to, losing customers and vendors as a result of Defendants' competing business, Events Mall, as set forth above.

80.     The actions of Defendants described above are thus unlawful under Pennsylvania law.

81.     Plaintiffs have suffered, and continue to suffer, substantial damages and irreparable harm as a result of the unlawful acts of the Defendants described herein.

WHEREFORE, Plaintiffs, Valori L. Zaslow and ReEvent, LLC, respectfully requests this Court to award the following relief: judgment against the Defendants, William T. Coleman, III, Allegra Saens Coleman, DesignReasons Corp., Events Mall Corp., Dolores Rita Browne and Jonathan O'Neill Browne, in the amount of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

## COUNT IV - BREACH OF CONTRACT

82.     Plaintiffs incorporate herein by reference paragraphs 1 through 81, inclusive, of this Complaint as if fully set forth at length.

83.     Under Pennsylvania law, three elements are necessary to plead properly a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. J.F. Walker Co. Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. 2002).

84.     On August 12, 2013 the parties executed an Operating agreement to create an ecommerce website. See Exs. "A-1" and "A-2."

85.     The Operating agreement outlined the company ownership would be 60% Ms. Zaslow, 20% Ms. Coleman, and 20% Ms. Browne.

86.     Ms. Zaslow allowed ReEvent Enterprises to utilize her confidential customer and vendor list.

87.     As set forth above, Defendants are in the process of launching their own ecommerce website for a directly competing business, Events Mall, pursuant to their threat to do the same if Ms. Zaslow did not sign the revised operating agreement, thus giving up her majority share in REE.

88.     By their actions set forth above, Defendants have repeatedly violated and continue to violate the express terms of the Operating Agreement, in breach of their contract with Ms. Zaslow.

89.     By the same actions, Defendants have breached the implied covenant of good faith and fair dealing.

90.     As a direct result of Defendants willful and unlawful actions in breaching the Contract it entered into with Ms. Zaslow, Ms. Zaslow has suffered financial losses relative thereto, including a loss of earnings, a loss of future earning power, and has sustained other consequential damages relative to Defendants' breach.

91.     Defendant's foregoing actions constitute a breach of contract under Pennsylvania law.

WHEREFORE, Plaintiffs, Valori L. Zaslow and ReEvent, LLC, respectfully requests this Court to award the following relief: judgment against the Defendants, William T. Coleman, III, Allegra Saens Coleman, DesignReasons Corp., Events Mall Corp., Dolores Rita Browne and Jonathan O'Neill Browne, in the amount of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

## COUNT V - BREACH OF CONFIDENTIALITY

92.     Plaintiffs incorporate herein by reference paragraphs 1 through 91, inclusive, of this Complaint as if fully set forth at length.

93.     Ms. Zaslow provided confidential information to Defendants, Ms. Browne and Ms. Coleman, including Ms. Zaslow's existing confidential current contact list, vendor list, customer information, product images, merchandise and pricing belonging to the business of ReEvent LLC, for the sole purpose of setting up the website for REE, as set forth in the Operating Agreement for REE.

94.     The foregoing confidential information remained at all times the sole property of Ms. Zaslow, as set forth in the Operating Agreement.  See Ex. A-1 at Para. 11.

95.     Through their proposed Amended Operating Agreement, Ms. Browne and Ms. Coleman exhibited their clear intent to utilize the above stated confidential information and list on a new website without Ms. Zaslow's agreement.  See Ex. "C."

96.     Further, Defendants are actively, and without authorization, utilizing the foregoing confidential information in order to promote Defendants' directly competing business, Events Mall, causing past and continuing damages to Ms. Zaslow's existing business, REL.

WHEREFORE, Plaintiffs, Valori L. Zaslow and ReEvent, LLC, respectfully request this Court to award the following relief: judgment against the Defendants, William T. Coleman, III, Allegra Saens Coleman, DesignReasons Corp., Events Mall Corp., Dolores Rita Browne and Jonathan O'Neill Browne, in the amount of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

## COUNT VI - VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et seq.

97.     Plaintiffs incorporate herein by reference paragraphs 1 through 96, inclusive, of this Complaint as if fully set forth at length.

98.     Defendants entered into an operating agreement with Ms. Zaslow to start an ecommerce website with content from ReEvent LLC.

99.     As set forth above, Defendants are utilizing Ms. Zaslow's confidential information and have removed her from the business in REE.  Further, Defendants engaged in false and deceptive practices which create the likelihood of confusion or of misunderstanding in order to launch Defendants' competing business, Events Mall.

100.     Defendants' foregoing actions constitute "engaging in fraudulent or deceptive conduct which creates the likelihood of confusion or of misunderstanding", as defined by the Unfair Trade Practices and Consumer Protection Law.

101.     Such conduct is the essence of merchant activities which violate the UTPCPL.

102.     As a result of Defendants' violations of the UTPCPL, Plaintiffs have suffered and continue to suffer damages to their business.

**WHEREFORE,** Plaintiffs pray this Honorable Court award them with treble damages, reasonable attorney fees as well as punitive damages and all other relief which may be deemed proper and just.

## COUNT VII - PROMISORY ESTOPPEL

103.     Plaintiffs incorporate herein by reference paragraphs 1 through 102, inclusive, of this Complaint as if fully set forth at length.

104.     The Defendants made a promise by entering into an Agreement with Ms. Zaslow to be partners in ReEvent Enterprises.

105.    The Defendants made a promise to keep ReEvent. LLC a separate company and that all confidential information would stay in the ownership of the company.

106.    Ms. Zaslow detrimentally relied on the promises, which Defendants are not fulfilling.

107.    As set forth above, Plaintiffs have suffered, and continue to suffer, substantial damages and irreparable harm as a result of the unlawful acts of the Defendants described herein.

108.    Injustice can only be prevented by enforcement of Defendant's promise.

**WHEREFORE**, Plaintiffs, Valori Zaslow and ReEvent LLC, respectfully request that the Court enter judgment in their favor on Count VII of the Complaint in an amount in excess of $150,000.00, together with punitive damages, costs and such other relief as the Court shall deem just and proper.

## COUNT VIII- UNJUST ENRICHMENT

109.    Plaintiffs incorporate herein by reference paragraphs 1 through 108, inclusive, of this Complaint as if fully set forth at length.

110.    A Plaintiff will succeed in a claim for unjust enrichment, when Plaintiff can prove (1) Defendant received a benefit from the Plaintiffs, (2) Defendant appreciated the benefit, and (3) Defendant accepted the benefit under such circumstances that it would amount to an inequity for Defendant to retain the benefit without payment of value.  Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. 1999).

111.    In this matter, Ms. Zaslow provided her current contact list, vendor list, customer information, product images, merchandise and pricing belonging to the business of ReEvent LLC to be used on the ecommerce website.

112.     As set forth above, Defendants have utilized, without authorization, the foregoing items in launching their directly competing business, Events Mall, without the authorization of Ms. Zaslow or compensating Ms. Zaslow in any way.

113.     Further, Ms. Zaslow provided to Defendants a flash drive containing electronic images of the products displayed on the website for Ms. Zaslow's solely owned business, REL, for which Ms. Zaslow obtained licenses from the vendors to display and sell said products for her business, prior to entering into the OA with Defendants.

114.     Ms. Zaslow has repeatedly asked for Defendants to return the flash drive containing the proprietary image since the inception of Defendants' related litigation in the matter docketed under 14-cv-4711.

115.     Defendants have refused to return Ms. Zaslow's flash drive and, upon information and belief, are using said licensed images to further their directly competing business, Events Mall.

116.     The actions of Defendants described above are thus unlawful under Pennsylvania law.

117.     Plaintiffs have suffered, and continue to suffer, substantial damages and irreparable harm as a result of the unlawful acts of the Defendants described herein.

**WHEREFORE**, Plaintiffs, Valori Zaslow and ReEvent LLC, respectfully request that the Court enter judgment in their favor on Count VIII of the Complaint in an amount in excess of $150,000.00, together with punitive damages, costs and such other relief as the Court shall deem just and proper.

## COUNT IX- CONVERSION

118.     Plaintiffs incorporate herein by reference paragraphs 1 through 117, inclusive, of this Complaint as if fully set forth at length.

119.     Under Pennsylvania law, the elements of conversion are: (1) the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith; (2) without the owner's consent; and (3) without legal justification." Universal Premium Acceptance Corp. v. York Bank & Trust Co., 69 F.3d 695, 704 (3d Cir.1995).

120.     A cause of action in conversion is properly asserted if the plaintiff had actual or constructive possession of a chattel or an immediate right to possession of a chattel at the time of the alleged conversion.  Ueberroth v. Goldner, Papandon, Childs & DeLuccia, LLC, 2012 WL 834737, at *3 (E.D.Pa. Mar.12, 2012).

121.     After entering into the OA for REE with Ms. Browne and Ms. Coleman, Ms. Zaslow provided to Ms. Browne and Ms. Coleman, a flash drive containing proprietary images of products for which Ms. Zaslow had obtained licenses from the respective vendors to sell and advertize on her existing website for REL, through business relationships Ms. Zaslow built up for many years with said vendors, prior to entering into the OA with Defendants.  The flash drive also contained images taken at REL private client events by professional photographers who are exclusive vendors for REL, and who granted REL permission to use said images for promotional purposes.

122.     As set forth in the OA between the parties, said flash drive and its content remained at all times the sole property of Ms. Zaslow, who provided the flash drive to Defendants for the sole and exclusive purpose of setting up the website for REE.  See Ex. "A" at Para. 11.

123.    Since Defendants threatened to start a competing business and brought their meritless Complaint against Ms. Zaslow (docketed at 14-cv-4711). Ms. Zaslow and her counsel have repeatedly asked Defendants to return said flash drive to Ms. Zaslow.

124.    Ms. Zaslow had an immediate right to have her property returned to her at all times, and even more so after Defendants' foregoing actions.

125.    Defendants have repeatedly refused to return to Ms. Zaslow her property at issue.

126.    In so doing, Defendants have deprived and interfered with Ms. Zaslow's right to possession and use of the flash drive and the proprietary images contained within, without Ms. Zaslow's consent and without legal justification.

127.    Because Defendants deprived and interfered with Ms. Zaslow's right to the use and possession of her property without Ms. Zaslow's consent and without legal justification, Defendants have committed the tort of conversion.

128.    Ms. Zaslow has suffered harm as a result of being deprived of the use and possession of the flash drive at issue.

**WHEREFORE**, Plaintiffs, Valori Zaslow and ReEvent LLC, respectfully request that the Court enter judgment in their favor on Count IX of the Complaint in an amount in excess of $150,000.00, together with punitive damages, costs and such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by a jury of twelve (12) persons is demanded as to all issues.

BY:/S/Mary Elizabeth Bogan

Mary Elizabeth Bogan, Esquire
Attorney for Plaintiffs

BOGAN LAW GROUP
ONE LIBERTY PLACE
1650 MARKET STREET
SUITE 3600
PHILADELPHIA, PA  19103
(215) 385-5254

**EXHIBIT "A"**

# OPERATING AGREEMENT

## OF

# ReEVENT ENTERPRISES, LLC

# A PENNSYLVANIA LIABILITY COMPANY

**LIMITED LIABILITY COMPANY OPERATING AGREEMENT OF
ReEVENT ENTERPRISES, LLC**

This operating agreement is made between Dolores Rita Browne, Valori L. Zaslow, and Allegra Saens Coleman. Here in after each being referred to as ("Browne, Zaslow and Coleman"). Being the original sole members of ReEvent Enterprises, LLC, a Pennsylvania Limited Liability Company, herein referred to as ("Company").

In consideration of the mutual covenants, promises, and agreement set forth, and with intent to be legally bound, the parties agree as follows:

1. FORMATION

   In accordance with the limited liability Act, 15 Pa.C.S. Sec. 8901 et.seq., as amended from time to time ("Act"), Browne, Zaslow, and Coleman organize a Limited Liability Company for the purposes herein expressed.

2. PURPOSES

   The purposes and nature of the business, to be conducted and promoted, is to establish and maintain a website whose primary purpose will be to provide advertising space and pages to showcase items for sale, rent and consignment for events.

   a. Company will create a website called "ReEvent".

   b. Company is being created for the purposes of building a website that will enable clients, event professionals, and the general public to advertise their items for rent, sale, or consignment.

   c. Income will be derived from advertisements, rental and consignment fees.

   d. Purchases for ReEvent, LLC that the company will not receive income include, but are not limited to:

      1. Stationary designed by Invitation Alley.
      2. Catering a party by ReEvent.
      3. Consulting a party by ReEvent.
      4. Personnel for a party staffed by ReEvent.
      5. Items consigned through Sophisticated Secondz.
      6. Items purchased from DesignReasons

   e. Browne, Zaslow and Coleman may agree to enter other business related activities, in which LLCs may be formed under the Act.

3. MEMBERS

   The names and addresses of the initial Members are as follows:

   Dolores Rita Browne
   343 East Wynnewood Road
   Merion Station, Pennsylvania  19066

   Valori L. Zaslow
   1100 Greentree Lane
   Penn Valley, Pennsylvania  19072

   Allegra Saens Coleman
   600 Conshohocken State Road
   Penn Valley, Pennsylvania  19072

2

## 4. TERM

The term and existence of the Company shall continue indefinitely.

## 5. OWNERSHIP INTERESTS

The interest of each of the initial members shall be as follows:

| | |
|---|---|
| Dolores Rita Browne | 20% |
| Valori L. Zaslow | 60% |
| Allegra Saens Coleman | 20% |

## 6. DEATH OF A MEMBER

If any party should perish or cease the ability to operate her responsibilities or if any member should desire to sell her shares in the Company, the following stipulations shall be adhered to:

a. Coleman will be given Browne's 20% of the Company if Browne should perish or cease the ability to maintain her responsibilities.

b. Browne will be given Coleman's 20% of the Company, and place 10% in a fund for her children if Coleman should perish or cease the ability to maintain her responsibilities.

c. Zaslow will take responsibility for Coleman's and Browne's 40% of the Company, placing 20% in a fund for Coleman's children, if both Coleman and Browne should perish or cease the ability to maintain their responsibilities.

d. Zaslow's 60% shares will be divided allotting 10% to both Coleman and Browne and 40% of the Company shares will be invested in a fund for her son, if Zaslow should perish or cease the ability to operate her responsibilities.

e. If an offer is made to purchase the Company or a portion of the Company, the offer must unanimously be agreed upon by Browne, Zaslow and Coleman;  Browne, Zaslow and Coleman shall receive the amount equitable to  their portion of Company.

f. No member will be allowed to give or sell their share(s) of the Company without approval of the other Members.

## 7. SALE OF COMPANY OR INTERESTS

a. If an offer is made to purchase the company or a portion of it, the offer must unanimously be agreed upon by Browne, Zaslow and Coleman, each of them shall receive the proceeds accordance with their interests as stated in paragraph 5.

b. No member may give or sell their shares in the Company without first offering such ishares pro rata or in full to the other members.  If such offer is rejected by the members, such offer may be made to the Company and if refused by the Company, such offer  may then be made to a third party.  The price to be paid for the purchase of such interest will be determined by the Company's Accountant via standard evaluation procedures of Accountants.

3

8. MANAGEMENT
   a. The business and affairs shall be managed by the Members. Only the Members and authorized Agents of the Company, shall have the authority to bind the Company. The Members, on behalf of the Company, shall have the power to do any and all acts necessary or convenient to, or for the furtherance of, the business and the affairs of the Company.

   b. The Members may appoint, by written resolution of the members. Officers and Agents to whom the Members may delegate, in writing, whatever, duties, responsibilities, and authority the Members desire to delegate. Any officer or agent may be removed for cause by the managing members at anytime by written notice to the said officer or agent to the members may appoint a sole managing Member if they deem such necessary.

9. MEETINGS
   a. Meetings of the Members may be called upon by the Members as necessary, but no less than once per year, by given written notice of such meetings to the Members.

10. CONTRIBUTIONS
   a. The Company will establish a Bank account, with a bank card and checks, along with a credit card provided for the Company. The costs that will be needed for start-up of the Company will be:

   b. MAC Pro Computer is to be given to;
        Jonathan O'Neil Browne, ("Jonathan")
        8729 Montery Bay Loop,
        Bradenton, Florida, 34212,
      for developing a company website. This site will be developed within the 3 months of Jonathan receiving the MAC Pro.
   c. As to monthly payments for Shopify and the company providing access to credit card usage, Zaslow will incur 60% of the cost, Browne will incur 20%, and Coleman will incur 20%. The breakdown costs are attached as exhibit "A". The host and the credit card companies that are used for the site will not be paid until the site is launched. The site will be maintained and updated regularly by Browne and Coleman while Zaslow will be in charge of sales.

11. TITLE TO COMPANY PROPERTY
   a. All real and personal property purchased by the Company with Company funds shall be owned by the Company for the exclusive use of the Company.
   b. All real or personal property owned or purchased by Zaslow or by the ReEvent LLC, shall remain the property of Zaslow or ReEvent LLC, as the case may be.
   c. All real or personal property owned or purchased by Browne, Coleman or their Company, Design Reasons shall remain in Browne, Coleman, or Design Reasons' ownership, as the case may be.

4

## 12. EXPENSES

a. The Members shall be reimbursed by the Company for all expenses incurred by them properly expended for Company purposes.

b. The Members have agreed to grant each other permission to spend up to $100.00 without approval from the other member(s), for items required for Company business, however, e-mails must be sent to notify the other members of such expenditures and receipts must be maintained and processed with Company financial records.  Any business expense above $100 must be approved by all Members in writing.

## 13. COMPENSATION OF MEMBERS

a. The Members shall not be entitled to personal compensation for work rendered or services performed until such time as the above costs and expenses are paid or any unexpected costs accrue that all Members have agreed upon. No unpaid accrued time shall be subsequently paid as compensation or otherwise.

b. At such time as compensation becomes payable to the Members, in accordance with 13(a) above, the compensation may be made in cash or kind, at such times and such amounts as determined by the Members and as permitted by applicable law.

## 14.  SEAL

The Seal of the Company shall be in the form of the Impression affixed on the last page hereof.

## 15.  CERTIFICATE

The certificates, evidencing the ownership of the Company shall be in the form of the certificate attached hereto.


Signed and Agreed by:


Dolores Rita Browne_____Date_____

Witness_____Date_____


Valori Zaslow_____Date_____

Witness_____Date_____


Allegra Saens Coleman_____Date_____

Witness _____ Date_____

5

expenses incurred by them properly expended for Company purposes.

b. The Members have agreed to grant each other permission to spend up to $100.00 without approval from the other member(s), for items required for Company business, however, e-mails must be sent to notify the other members of such expenditures and receipts must be maintained and processed with Company financial records.  Any business expense above $100 must be approved by all Members in writing.

## 13. COMPENSATION OF MEMBERS

a. The Members shall not be entitled to personal compensation for work rendered or services performed until such time as the above costs and expenses are paid or any unexpected costs accrue that all Members have agreed upon. No unpaid accrued time shall be subsequently paid as compensation or otherwise.

b. At such time as compensation becomes payable to the Members, in accordance with 13(a) above, the compensation may be made in cash or kind, at such times and such amounts as determined by the Members and as permitted by applicable law.

## 14. SEAL

The Seal of the Company shall be in the form of the Impression affixed on the last page hereof.

## 15. CERTIFICATE

The certificates, evidencing the ownership of the Company shall be in the form of the certificate attached hereto.

Signed and Agreed by:

Dolores Rita Browne _____ Date  8-12-13

Witness _____ Date  8-12-13

Valori Zaslow _____ Date  8-12-13

Witness _____ Date  8-12-13

Allegra Saens Coleman _____ Date  Aug 12 2013

Witness _____ Date  8-12-13          A-2

EXHIBIT "B"

Below is a 2-page list of the confidential vendors who sell decorations and gifts to ReEvent, LLC and the exclusive merchandise belonging to ReEvent, LLC or its vendors listed on the ReEvent website. We have had a relationship with these Vendors as ReEvent, LLC for more than 3 years and for more than 5 years, as Z event group, LLC.

I provided Dolores and Allegra with the names, information and merchandise from ReEvent, LLC. The items pictured on the site are the exclusive property or ReEvent. Items from the following vendors are listed on the ReEvent website and must be removed:

| COMPANY NAME | CODE |
| --- | --- |
| Wedding Star | WS |
| Creative Gifts International | CGI |
| Fancy Faces | FF |
| Fortune Products | FP |
| Cultural Intrigue | CI |
| Wholesale Flower & Vase Int'l | All glass vases |
| Creative Parties & Promotions | All Sports Figure Centerpieces |
| ReEvent, LLC | Assorted Candles, Votives, Gifts as listed below |

The following items are listed in specific categories and pictured on the ReEvent Website.

All product images, merchandise and pricing has been provided by ReEvent, LLC and belong to ReEvent, LLC or our vendors exclusively:

All Anniversary Gift
All Baby Gifts
All Bachelor & Bachelorette Decor
All Birthday Kids 4-12 Gifts
All Candle Holder Lanterns
All Centerpieces
All Condi Collectible Bowls and Trays
All Glass Flutes
    Glass Taper Candle Holders
    Black Beaded Taper Candle Holders
All Glass Vases
All Lava Lamps
All Light Up Decor
All Light Up LED Lamps
All Mirror Balls
All Napkin Rings
All Paper Lanterns
All Place Card Holders
    Senior Birthday Gift: Pocket Watch
All Sports Theme Baseballs, Rises and Table Top Figurines/Décor
All Sweet 16 Gowns (7)*
All Young Adult Gifts
All Votive Candle Holders
All Wedding Gifts &  Wall Display Tubes

The following Preferred Vendor Listings are the sole property of Valori Zaslow. All content pertaining to these listings must be removed:

Invitation Alley

Z event group, LLC

Sophisticated Secondz

*All (7) Gowns pictured on the site listed under Sweet 16 Gowns and Sophisticated Secondz are the property of Sophisticated Secondz and are to be removed

Photograph and Bio of Valori Zaslow under: "The ReEvent Team" must be removed