IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALORI L. ZASLOW, ET AL. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 15-1272 |
| WILLIAM T. COLEMAN, III, ET AL. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                                                 **MAY  5 , 2015**

      Presently before the Court is Plaintiffs' Motion for Temporary Restraining Order.  (ECF No. 2.)  For the following reasons, Plaintiffs' Motion will be denied.

**I.    BACKGROUND**

      This case involves a bitter business dispute.  Initially, Defendants in this matter sought to make this a federal case by filing a complaint claiming that the dispute implicated copyright infringement.  Plaintiff herein, Valori Zaslow, filed a motion to dismiss that complaint asserting that the dispute did not implicate copyright infringement, and that the action did not belong in federal court.  The motion was granted.  Nevertheless, Zaslow has filed this federal lawsuit.  She now claims the dispute implicates infringement under both the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

    **A.    Factual Background**

      Plaintiff Valori L. Zaslow entered into an internet-based business venture, ReEvent Enterprises, LLC ("REE"), with Defendants, Allegra Saens Coleman and Dolores Rita Browne.  During the beginning stages of the REE's start-up, the relationship soured, resulting in the above mentioned Coleman and Browne federal lawsuit against Zaslow.  *See Browne, et al. v. Zaslow, et al.*, No. 14-4711.  Zaslow moved to dismiss the lawsuit, arguing that the complaint failed to state

a claim for relief under the Copyright Act and the Court lacked jurisdiction over the remaining state-law claims. We granted Zaslow's Motion, dismissed the claims for copyright infringement with prejudice, and declined to exercise supplemental jurisdiction over the remaining state-law claims. (*Browne* Mem., No. 14-4711, ECF No. 48.)[1]

Relevant to this action, Zaslow owned and operated her own events-related business. (Compl. ¶ 13., ECF No. 1.) Upon entering into the agreement to form REE, she agreed to allow REE to use her existing company name, slogan, products, concepts, and ideas, but would retain independent ownership over them. (*Id*. ¶¶ 16, 19-20.) During the pendency of the *Browne* action, Zaslow became aware that Coleman and Browne were in the process of forming their own internet-based company. Coleman and Browne's new company features a website based in the mold of REE and "has utilized distinctive intellectual and real property owned by Ms. Zaslow." (*Id*. ¶ 34.) Specifically, Defendants' new website is similar in appearance and function to Zaslow's original company, utilizes distinctive logos and graphics borrowed from REE, and its URL link directs browsers to the REE website. (*Id*. ¶¶ 35-40.) Defendants have also attempted to preregister the REE website with the U.S. Copyright Office, claiming it to be their own. (*Id*. ¶ 43.) The pre-registration application filed by Defendants purports to include Zaslow's own independent slogans and ideas. (*Id*. ¶¶ 45-47.) Defendants also represent that they intend to pre-register Coleman and Browne's new website with the Copyright Office. (*Id*. ¶ 50.)

While the *Browne* action was pending, the Court made exhaustive efforts in an attempt to reach an amicable settlement. We referred the *Browne* action to Magistrate Judge Lynne A. Sitarski to conduct a settlement conference. Settlement conferences were held before Magistrate

---

[1] The factual background concerning REE and the partners' dispute is set forth in our Memorandum granting Zaslow's Motion to Dismiss. (*Browne* Mem. 1-4.)

Judge Sitarski on December 24, 2014, on March 3, 2015, and April 6, 2015. Despite the best efforts of Magistrate Judge Sitarski, an amicable resolution of this matter was not reached.

**B.     Procedural Background**

Zaslow and her corporate entity, ReEvent, LLC, filed this lawsuit on March 12, 2015. They named as Defendants Coleman, Browne, Jonathan O'Neill Browne (a plaintiff in the *Browne* action), William T. Coleman, III (plaintiffs' counsel in the *Browne* action), and corporate entities owned by Coleman and Browne. The factual allegations supporting this action are predominantly the same facts at issue in the *Browne* action. (*See*, *e.g.*, Compl. ¶¶ 13-33.) Contemporaneously with the filing of the Complaint, Plaintiffs moved for a temporary restraining order. (ECF No. 2.) After receiving service of the Complaint, William Coleman entered his appearance on behalf of himself, and as counsel of record for all other Defendants. (ECF No. 10.)

As noted above, in the *Browne* action, Zaslow argued that the parties' dispute did not implicate federal court jurisdiction, and that the action belonged in state court. We agreed with Zaslow and concluded that the *Browne* complaint failed to adequately plead a claim for copyright infringement. Plaintiffs now plead claims for copyright and trademark infringement, along with a number of state-law claims. They attempt to invoke jurisdiction under 28 U.S.C. §§ 1331 and 1338. After review of the Plaintiffs' Complaint and the Motion for Temporary Restraining Order, it was apparent that the jurisdictional concerns Zaslow raised in the *Browne* action may also be present here. Accordingly, we raised the issue *sua sponte*, *see Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002), and invited the parties to brief this issue. (ECF No. 11.) Plaintiffs filed a Memorandum of Law on April 15, 2015, arguing that the Complaint sufficiently pleads claims

for relief under the Copyright and Lanham Acts, thereby establishing jurisdiction under §§ 1331 and 1338. (ECF No. 13.) Defendants filed a Memorandum of Law in opposition on April 29, 2015. (ECF No. 17.) Defendants also filed a Motion to Dismiss for Failure to State a Claim on April 28, 2015. (ECF No. 15.) In both the Memorandum of Law and Motion to Dismiss, Defendants argue that Plaintiffs have failed to state claims under the Copyright and Lanham Acts.

## II.     LEGAL STANDARD

Preliminary injunctive relief is an "extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "A temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. v. Orange Twp. Bd. of Edu.*, 287 F.3d 267, 273 (3d Cir. 2002) (citation omitted). The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). A plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest. *Id*. (citing *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1998)); *see also Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999) (setting forth the four elements for demonstrating need for preliminary injunction).

## III.   DISCUSSION

Plaintiffs move for a temporary restraining order in essence to enjoin Defendants in their new business venture.  In addition, Plaintiffs seek to enjoin Defendants from registering any copyright or trademark with the U.S. Copyright Office.

### A.   Likelihood of Success on the Merits

For Plaintiffs to be entitled to the requested preliminary injunctive relief, they are required to establish a likelihood of success on the merits.  This requires an analysis of the Complaint alleging claims for copyright and trademark infringement.

With regard to the claim for copyright infringement, "the Court should first consider whether there has been infringement by comparing each of the allegedly infringing works against the restored work.  The test for copyright infringement is well-established.  There are two essential elements: ownership of copyright, and copying by the defendant." *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002).  "[A] complaint based on copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101 *et seq*.; and (4) by what acts the defendant infringed the copyright." *Key Consolidated 2000, Inc. v. Troost*, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006) (citation omitted).

Regarding the ownership element, proof of ownership is typically established by attaching to a complaint a copy of the Copyright Office registration.  *See Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 635 (E.D. Pa. 2007).  Indeed, prior registration of the copyright with the Copyright Office is a precondition to instituting a copyright action.  17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any

5

United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim. . ."). Courts are divided over whether merely applying to the Copyright Office (the "application" approach), or whether the Office issuing the registration (the "registration" approach), sufficiently satisfies § 411. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010) (collecting cases and noting circuit split). The Third Circuit has not definitively addressed this issue. Nevertheless, in light of the case of *Dawes-Lloyd v. Publish America, LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) (per curiam), which holds that a plaintiff could not establish *prima facie* case of infringement because it did not hold a *registered* copyright, we concur with the well-reasoned Opinion of our colleague Judge Davis that the Third Circuit would adopt the "registration" approach. *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 569 (E.D. Pa. 2011) (Davis, J.). Accordingly, to satisfy § 411 and establish a requisite element of an infringement claim, Plaintiffs must establish that they hold a registered copyright to the website code. Plaintiffs do not offer any allegation that they hold a registered copyright for the website code. They do not attach any registration to their Complaint. Plaintiffs have failed to comply with § 411.

Section 411 may not be a jurisdictional requirement. *Reed Elsevier, Inc.*, 559 U.S. at 169. Nevertheless, compliance with § 411 is a necessary precondition to filing a copyright infringement claim. The failure to comply with § 411 constitutes sufficient grounds for dismissal—a possibility that the Supreme Court has specifically not foreclosed. *See id.* at 171 ("We also decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing

copyright infringement claims involving unregistered works."). Because Plaintiffs here have failed to comply with the mandatory requirements of § 411, they fail to state a claim for copyright infringement.

With regard to the claim for trademark infringement under the Lanham Act, a complaint must allege that: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods and services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994). As to the first two elements of trademark infringement:

> If the mark at issue was federally registered and had become 'incontestable,' pursuant to 15 U.S.C. §§ 1058 and 1065, validity, legal protectability, and ownership are proved. Where a mark has not been federally registered or has not achieved incontestability, validity depends on proof of secondary meaning, unless the unregistered or contestable mark is inherently distinctive. Secondary meaning is demonstrated where, in the minds of the public, the primary significance of a product feature or term is to identify the source of the product itself. Although there are numerous cases determining secondary meaning, there is no consensus on its elements. A non-exclusive list of factors which may be considered includes the extent of sales and advertising leading to buyer association, length of use, exclusivity of use, the fact of copying, customer surveys, customer testimony, the use of the mark in trade journals, the size of the company, the number of sales, the number of customers, and actual confusion.

*Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 291-92 (3d Cir. 1991) (internal quotation marks and citations omitted).

In this case, Plaintiffs do not allege that they have a federally registered mark. They also fail to allege that the marks at issue have become "incontestable." Thus, for Plaintiffs to establish the first two elements of a trademark infringement claim, the Complaint must adequately set forth facts to establish "proof of secondary meaning." However, Plaintiffs' Complaint does not allege anything to establish that the Plaintiffs' marks are inherently

distinctive.  Nothing about Plaintiffs' website name, logo, ideas, or business nature would lead to immediate recognition among the general public.  Plaintiffs' Complaint also fails to allege anything regarding the extent of sales and advertising, sufficient length of use, exclusivity of use, any evidence from any customer, and the size and sales of the company.  Indeed, Plaintiffs allege that Zaslow granted REE a license to use her own marks.  Whatever dispute has arisen regarding Defendants' alleged use of the marks flows from that contractual agreement, and Browne's and Coleman's ownership interest in REE.  There are no factual allegations contained in the Complaint that could conceivably establish proof of the secondary meaning.  Plaintiffs' Complaint fails to establish the first two elements of a claim for trademark infringement.  Since Plaintiffs have not established the first two elements of a claim under the Lanham Act, we need not address whether Defendants' use of the marks causes a likelihood of confusion.

Plaintiffs' Complaint fails to sufficiently allege claims for copyright and trademark infringement.  Therefore, they fail to establish a likelihood of success on the merits.  Accordingly, Plaintiffs are not entitled to a temporary restraining order.  Their Motion will be denied.

### B.  Whether this Action Should be Dismissed

Having determined that Plaintiffs' Complaint does not set forth claims under the Copyright and Lanham Acts, we consider whether dismissal is appropriate.  "[I]t is well settled that even if a party does not make a formal motion to dismiss, the Court may on its own initiative dismiss the complaint for failure to state a claim upon which relief can be granted . . . where the inadequacy of the complaint is apparent as a matter of law."  *Wash. Petroleum & Supply Co. v. Girard Bank*, 629 F. Supp. 1224, 1230-31 (M.D. Pa. 1983) (citing *Coggins v. Carpenter*, 468 F. Supp. 270, 279 (E.D. Pa. 1979); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.

1980)) (internal quotation marks omitted).  "This practice promotes the prompt and efficient disposition of cases and protects valuable judicial resources by expediting the dismissal of cases that lack a shred of a valid claim." *Berg v. Obama*, 574 F. Supp. 2d 509, 515 n.6 (E.D. Pa. 2008) (internal quotation marks and citation omitted).  Nevertheless, the court must afford the plaintiff an opportunity to respond to the perceived deficiencies in the complaint.  *Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988); *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976).

      Through our April 9 Order, Plaintiffs were adequately put on notice that this action may be subject to dismissal.  Indeed, Zaslow argued in the *Browne* action that the parties' dispute did not implicate federal court jurisdiction, and requested that we dismiss the *Browne* action so that it may be refiled in state court.  Nevertheless, amendments to complaints are liberally granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  However, granting an amendment is not required where the amendment would amount to a futility.  *Id*.  ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996))).

      As noted above, Plaintiffs do not state claims for relief under the Copyright and Lanham Acts.  There is nothing in the Complaint or in Plaintiffs' April 15, 2015 Memorandum of Law suggesting that this case concerns federal law.  Resolution of the parties' dispute requires an interpretation of state law; it does not require an analysis of the Copyright and Lanham Acts.  *See Plum Tree, Inc. v. Seligson*, 342 F. Supp. 1084, 1087 (E.D. Pa. 1972) ("As we read the complaint, it is simply a suit to recover damages for a breach of contract which has caused plaintiff loss of income and which happens to involve a service mark."); *T.B. Harms Co. v.*

*Eliscu*, 339 F.2d 823, 827-28 (2d Cir. 1965), *cert. denied*, 381 U.S. 915 (1964); *see also Bear Creek Prods., Inc. v. Saleh*, 643 F. Supp. 489, 493 n.15 (S.D.N.Y. 1986) ("Although challenges to jurisdiction under the trademark laws are more rare than challenges to jurisdiction under the patent or copyright laws, actions for breach of contract do not 'arise' under the former any more than they arise under the latter."); *Topolos v. Caldeway*, 698 F.2d 991, 993 (9th Cir. 1983) (citation omitted). Permitting Plaintiffs a second opportunity to adequately invoke federal court jurisdiction would be nothing more than an exercise in futility.

Because we have afforded Plaintiffs the opportunity to argue why this action is properly in this Court, and because we conclude that Plaintiffs' Complaint does not state claims for copyright and trademark infringement, we will dismiss Plaintiffs' federal claims under the Copyright and Lanham Acts. Pursuant to 28 U.S.C. § 1367(c)(3), we will also decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (stating that under § 1367(c)(3) "a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citation omitted).

## IV.     CONCLUSION

Based upon the foregoing, Plaintiffs Motion for Temporary Restraining Order will be denied, and this action will be dismissed.

An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.